963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward L. HOHN, Defendant-Appellant.
 No. 90-10391.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1992.
Decided May 28, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On May 15, 1990, a jury convicted Edward Hohn of eleven counts of mail fraud, 18 U.S.C. § 1341, two counts of false statement, 18 U.S.C. § 1001, and two counts of false claim, 18 U.S.C. § 287. The charges arose from representations Hohn made in the disbursement certificates and invoices he submitted to the Small Business Administration ("SBA") in order to get the loan money. On appeal, Hohn contends that the district court committed reversible error by giving improper good faith jury instructions. Hohn also argues that the district court erred by refusing to allow Hohn to cross-examine Richard Moser, Area Counsel for the SBA and Nina Rivera, District Counsel for the SBA, about whether the SBA had assessed a civil penalty for Hohn's misapplication of the loan proceeds.
 
 
 3
 * A good faith belief in the truth of representations is a defense to the charges filed against Hohn because good faith negates an intent to defraud. United States v. Benny, 786 F.2d 1410, 1417 (9th Cir.), cert. denied, 479 U.S. 1017 (1986). The judge instructed the jury that
 
 
 4
 Good faith is an absolute defense to the charges in this case.
 
 
 5
 If the defendant had an honest good faith belief in the truth of his misrepresentations, even if he was mistaken in that belief, there would be no crime. The burden of establishing lack of good faith rests upon the government.
 
 
 6
 Neither an honest good faith belief by the defendant in the ultimate success of a plan nor the intended or actual repayment of the loan itself is a defense if the elements of the offense are established by the government beyond a reasonable doubt.
 
 
 7
 (Emphasis added.)
 
 
 8
 Hohn did not object to the second paragraph at trial. Therefore, we review those instructions for plain error only. See United States v. Gomez-Gallardo, 915 F.2d 553, 555 (9th Cir.1990). Hohn did object to the third paragraph at trial. Therefore, we review those instructions as a whole to determine whether the instructions were misleading or inadequate. See United States v. Beltran-Rios, 878 F.2d 1208, 1214 (9th Cir.1989).
 
 
 9
 Hohn argues that the instructions in the second paragraph, referring to Hohn's statements as misrepresentations, prevented the jury from finding that Hohn acted in good faith. This argument has no merit. A person can make a misrepresentation without realizing that he or she has done so. If the person really believes that the misrepresentation is true, then he has acted in good faith and he cannot be found guilty. See Benny, 786 F.2d at 1417.
 
 
 10
 Hohn also contends that the third paragraph of the good faith instructions was erroneous because it was confusing. He argues that the plan the court was referring to was the alleged plan to cheat the government, and that one cannot have a good faith belief in the success of a plan to cheat the government. It is apparent, however, that the plan referred to in the instructions was Hohn's plan to repair the park and repay the government. Hohn may have had a good faith belief that the park would be repaired and the government repaid, as this court has recognized, however, an honest belief in the success of a plan is not a defense. See United States v. Beecroft, 608 F.2d 753, 757 (9th Cir.1979). Thus, the instructions on good faith were proper.
 
 II
 
 11
 Hohn also argues that the district court committed reversible error by refusing to allow Hohn to cross-examine two SBA employees, Rivera and Moser, about why the SBA did not assess a civil penalty for Hohn's alleged wrongful application of loan proceeds. Hohn argues that the cross-examination would have demonstrated that the SBA believed that no civil penalty should be imposed because no wrongful misapplication occurred.
 
 
 12
 We review decisions regarding the relevance of evidence for abuse of discretion. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989). It is not clear why the SBA did not assess the civil penalty. Even assuming that Rivera's and Moser's testimony would have indicated that the SBA believed that Hohn had not misapplied the loan proceeds, the SBA's opinion would have been of limited value. This was a question for the jury to determine based on the facts presented, not on the SBA's opinion of whether to impose a civil penalty based on the evidence it had at that time. The jury did not need the SBA's opinion. See Fed.R.Evid. 701. The district court did not abuse its discretion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3